Argued and submitted September 3, affirmed December 2, 2015

Jose Luis Gutierrez SANTOSCOY,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent.*

Office of Administrative Hearings
168177; A156524

362 P3d 1213

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Erik J. Glatte and Huycke O'Connor Jarvis, LLP, filed the opening brief for petitioner. On the reply brief was H. M. Zamudio.

Before Lagesen, Presiding Judge, and Nakamoto, Judge, and Garrett, Judge.

PER CURIAM

**PER CURIAM**

Petitioner seeks judicial review of a final order by the Department of Transportation and Motor Vehicles (DMV) that suspended his driving privileges on the ground that he knowingly provided false information, in violation of ORS 809.310(3)(a), when he applied for an Oregon driver license. An administrative law judge (ALJ) upheld the suspension.

A detailed recitation of the facts would not benefit the bench, the bar, or the public. On appeal, petitioner makes three assignments of error, two of which we reject without written discussion. In petitioner's remaining assignment of error, he alleges that the ALJ erred in concluding that petitioner had knowingly violated ORS 809.310(3)(a) because there was no evidence that he knowingly omitted reference to a 1997 license application on a 2013 license application. In his reply brief, petitioner expands that argument, contending that DMV provided him with inadequate notice of the basis upon which his license was suspended. We write only to address that issue.

The record reflects no obvious failure by DMV to provide adequate notice to petitioner of the basis for the proceeding against him. Petitioner asked the ALJ at one point for clarification as to whether the basis for DMV's proceedings against him was the 2013 application or the 1997 application. Thus, if petitioner believed that there may have been a notice problem, petitioner plainly had the information necessary to raise that issue both before the ALJ and on appeal. But petitioner failed to make any argument about inadequate notice in his opening brief on appeal. Instead, petitioner waited until he filed his reply brief to make his notice argument, depriving DMV of a meaningful opportunity to respond.

We have consistently declined to review a party's newly raised argument in a reply brief that was not raised as an assigned error in an opening brief. *See, e.g., Hayes Oyster Co. v. Dulcich,* 170 Or App 219, 237 n 20, 12 P3d 507 (2000); *State v. Stanley,* 153 Or App 16, 20-21, 955 P2d 764 (1998). Nor does petitioner offer any reason why his unpreserved argument is otherwise reviewable, *i.e.*, as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will

be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record.").

Affirmed.